IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADRIENNE FITZGERALD,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF MEDFORD, et al.,<br><br>   Defendants. | Civ. No. 05-3046-CL<br><br><br><br>**ORDER** |

**PANNER, District Judge:**

  Plaintiff Adrienne Fitzgerald brings this civil rights action against the City of Medford and City of Medford police officers. Magistrate Judge Mark Clarke recommends dismissing with prejudice for failure to prosecute. I adopt the Report and Recommendation and dismiss this action with prejudice.

### STANDARDS

  This matter is now before me. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). When either party objects to any portion of a Magistrate Judge's Report and Recommendation, the district

1 - ORDER

court reviews that portion of the Magistrate Judge's report <u>de novo</u>.  28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F. 2d 1309, 1313 (9th Cir. 1981).

Plaintiff filed timely objections, so I have reviewed the file of this case <u>de novo</u>.

## DISCUSSION

Plaintiff filed this action on June 2, 2005.  The scheduling order issued that day required that the pretrial order (PTO) be submitted by October 31, 2005.  The PTO was not submitted.

On November 3, 2005, this court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute.  On November 28, 2005, plaintiff objected to the order to show cause and requested an extension of discovery and PTO deadlines.  On November 29, 2005, this court granted plaintiff's motion to extend and stayed this action pending resolution of a related criminal proceeding in state court.

After the criminal action was resolved, this court lifted the stay on April 7, 2006 and set a deadline of September 9, 2006 for submitting the PTO.  The PTO was not filed.

On September 13, 2006, this court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute.  Plaintiff did not file a response.  On September 27, 2006, this court dismissed without prejudice for failure to prosecute.

On September 29, 2006, plaintiff moved to reopen, stating

2 - ORDER

that he missed the PTO deadline because his associate had been ill and he had been busy with other cases. On October 12, 2006, this court reopened the case.

On October 13, 2006, this court set a deadline of December 13, 2006, for lodging the PTO. On December 5, 2006, based on the court's own motion, the court reset the PTO deadline to March 20, 2007.

The PTO was not lodged. On March 22, 2007, the court issued an order to show cause why the action should not be dismissed for failure to prosecute. On March 27, 2007, plaintiff responded, stating that he had drafted a PTO and submitted it to defense counsel by email on March 26, 2007. Plaintiff's counsel apologized for missing the deadline and stated that the PTO would be submitted when opposing counsel approved it with any additions.

I agree with Judge Clarke that this action should be dismissed with prejudice for failure to prosecute. Plaintiff's counsel has missed deadline after deadline, prompting this court to issue three orders to show cause. Even after this court reopened the action after dismissing for failure to prosecute, counsel continued his pattern of missing this court's deadlines. Counsel's excuses are insufficient in light of the repeated failures to comply with this court's orders.

Although dismissal with prejudice is a harsh sanction, it is justified under these egregious facts. "District courts have inherent power to control their dockets and may impose sanctions,

including dismissal, in the exercise of that discretion." <u>Oliva v. Sullivan</u>, 958 F.2d 272, 273 (9th Cir. 1992) (affirming dismissal with prejudice for failure to prosecute).

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#34) is adopted. This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___ day of May, 2007.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER